## Rijos *v*. Peña et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 183.—Resuelto en diciembre 23, 1907.

Apelación—Transcripción de Autos—Copia de la Sentencia.—Si el apelante no hubiere incluído en la transcripción de autos una copia de la sentencia apelada, y solo hubiera acompañado copia de la decisión de la corte inferior, la apelación deberá desestimarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Texidor*.

Abogado del apelado: *Sr. Bosch.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este es un recurso de apelación interpuesto contra sentencia dictada por la primera sección del tribunal de distrito de San Juan. El objeto del pleito fué el de recuperar cierta propiedad que la demandante alegó tener derecho á ella como heredera de su padre, quien, según alegaba la demandante, había contraído matrimonio legal con su madre. Los demandados, parientes colaterales del referido Santiago Benito Rijos, están en posesión de la propiedad y alegan que la demandante es hija natural de sus padres.

La cuestión principal que ha sido planteada ante la corte inferior, y que es objeto de discusión en este tribunal, es si la Ley de Evidencia derogó tácitamente las expresas disposiciones del Código Civil con respecto á la prueba de matrimonio. Dichas disposiciones son las siguientes:

"Los matrimonios celebrados antes de regir este Código, se probarán por los medios establecidos en las leyes anteriores.

"Los contraídos después se probarán sólo por el acta del Libro de Matrimonios. Si este hubiere desaparecido, será admisible toda especie de prueba.

"En este caso, á que se refiere el artículo anterior, la posesión constante de estado de los padres, unida á las actas del nacimiento de sus hijos en concepto de legítimos, será uno de los medios de prueba del matrimonio de aquéllos, á no constar que alguno de los dos estaba ligado por otro matrimonio anterior."

En el acto del juicio se presentaron pruebas tendentes á demostrar que en el año 1863 se habían celebrado ciertas formas de ceremonia entre la madre de la demandante Emilia Córdova y Córdova y Santiago Benito Rijos y Correa.

Por lo tanto, es perfectamente evidente que antes del año 1905 los tribunales de esta Isla habrían sido obligados á decidir que la prueba del matrimonio debía hacerse, con arreglo á las anteriores disposiciones. El juez de la corte inferior declaró probado que la prueba practicada no había demos-

trado la existencia de un matrimonio legal. Parece, además muy dudoso que el documento presentado como evidencia para probar el matrimonio alegado en este caso era eficaz para ese fin, especialmente cuando no se ha probado que el sacerdote que certifica en él estaba autorizado para celebrar matrimonios. Á los que parece, no era un Párroco ó sacerdote debidamente autorizado, según lo exige la ley. No hay en realidad tentativa alguna para probar la validez del matrimonio, con arreglo al Derecho Canónico y Civil que regía en esta Isla con anterioridad al año 1905. Ahora bien, los principios generales del Derecho Civil son que ninguna ley debe tener efecto retroactivo á menos que así se disponga expresamente; y especialmente los tribunales se negarán á dar efecto retroactivo á una ley en los casos en que despoja á una parte de sus derechos de propiedad.

El artículo 102 de la Ley de Evidencia, que se encuentra en el tomo de las Leyes de 1905, p. 138, dispone lo siguiente:

"Todas las demás presunciones serán satisfactorias, si no fueran contradichas. Se dominan presunciones disputables y pueden controvertirse mediante otra evidencia. Corresponden á esta clase las siguientes:

"1. Que una persona es inocente del delito ó falta.

\* \* \* \* \* \* \*

"29. Que un hombre y una mujer que se conducen como casados, han celebrado un contrato legal de matrimonio.

"30. Que el niño nacido de legítimo matrimonio, no, habiendo habido divorcio, es legítimo.

"31. Que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran los casos de igual naturaleza."

Puede hacer casos tanto antes como después del año 1905, en que prevalecería la presunción de matrimonio y herencia; ¿pero puede sostenerse que dicha presunción sea aplicable á una ceremonia celebrada en 1863, especialmente en un caso en que ha habido liquidación de los bienes que se tratan de re-

cuperar y en que la apelante, durante años, ha descuidado hacer valer sus derechos de heredera? ¿Puede la Ley de Evidencia cambiar sin más ni más el estado ó condición legal de una persona y obligar á la devolución de bienes por parte de la persona á quien se haya puesto en posesión de los mismos? ¿No han prescrito los derechos de la apelante por razón de su omisión de entablar su demanda dentro de los dos años después de haber llegado á su mayor edad? ¿No habría de declararse que la presunción de matrimonio, que emana del hecho de que un hombre y una mujer se conducen como casados, queda refutada por las indicaciones contrarias en las autos, á saber: que la persona que se suponía haber celebrado la ceremonia, no estaba debidamente autorizada para ello? Que el matrimonio que se alega, á lo que parece, no fué presenciado por persona alguna. Que no se ha expresado ni el tiempo ni el lugar en que se verificó el matrimonio; que el padre alegado en el presente caso estaba reputado de haber muerto como soltero, según la partida de defunción; que la hija fué bautizada como hija natural de su madre; y que ella llevaba siempre el apellido de su madre y nunca el de su padre; que tomó parte en la división hecha de la propiedad de la madre como hija ilegítima de ésta. Hay por supuesto pruebas á favor de la pretensión de la demandante; pero en vista de los autos que se nos han presentado estamos, sin embargo, inclinados á contestar todas las preguntas indicadas, en contra de la apelante.

Pero nosotros no estamos en el caso de poder considerar debidamente los méritos de la causa, puesto que la sentencia dictada por el tribunal inferior no ha sido consignada en los autos. La decisión dispone que el secretario debe preparar la sentencia; pero no hay nada en los autos que demuestre que el secretario cumpliera con dicha disposición. En este respecto, el presente caso es idéntico al de *Jiménez* v. *Olmedo*

*y otros,* que fué resuelto en 12 de diciembre de 1907. En dicho caso el tribunal, por conducto del juez, Sr. Hernández, dijo:

"Deploramos que, por inobservancia de las reglas de procedimientos, tengamos con frecuencia que desestimar, como en el presente caso, recursos de apelación, sin discutirlos ni resolverlos en sus motivos ó fundamentos legales; pero aquella inobservancia tiene su sanción marcada en el artículo 303, ya citado, del Código de Enjuiciamiento Civil, y nuestro deber es darle aplicación."

No vemos por qué razón se halla consignado en el legajo de la sentencia la "decisión" en vez de la sentencia; pero no tenemos sentencia alguna que podamos confirmar ó revocar. Esta cuestión ha sido sometida muchas veces á las cortes de los Estados Unidos y parece que se ha resuelto de un modo uniforme que la sentencia definitiva es lo que debe someterse á los Tribunales de Apelación. (Véase la Enciclopedia de Leyes y Procedimientos, Vol. 2, p. 1031.) Allí se verá que una relación (ó exposición) y el aviso de apelación son insuficientes; y que una relación y pliego de excepciones junto con las minutas y memorandum del Juez, no bastan.

Por estas razones debe desestimarse la apelación, con las costas á cargo de la parte apelante.

*Desestimada.*

Jueces concurrentes: Sres Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.